UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SHAQUON RASHAWN JOHNSON,

Plaintiff,

v. Case No. 3:24-cv-439-BJD-JBT

S. TOLLICK, et al.,

Defendants.

---

**ORDER TO AMEND**

Plaintiff, an inmate of the Florida penal system who is proceeding as a pauper, initiated this case by filing a Complaint for Violation of Civil Rights ("Complaint") (Doc. 1). He names five Defendants: (1) S. Tollick, Property Sergeant; (2) C. Wynn, Senior Chaplain; (3) J. McClellan, Assistant Warden of Programs; (4) D. Bass, Secretary's Representative; and (5) T. Bowden, Secretary's Representative. (*Id.* at 12). The Complaint alleges that Defendants prohibited Plaintiff's free exercise of religion and failed to accommodate his religious needs by depriving him of his religious property (a religious talisman), all in violation of the First and Fourteenth Amendments, and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). (*Id.* at 14, 16).

With respect to Defendant Tollick, the Complaint alleges that he deprived Plaintiff of the liberty to possess a religious talisman by confiscating it as

contraband without providing a confiscation slip, because it was allegedly connected to a string, rather than to a jewelry-type chain. (*Id.* at 15). The Complaint further alleges that all Defendants, including Tollick, failed to accommodate Plaintiff's religious needs by denying his grievances challenging the confiscation of his religious talisman. (*Id.* at 16). As a result, Plaintiff allegedly suffered mental, emotional, and physical injuries, and seeks nominal, compensatory, and punitive damages, as well as injunctive/declaratory relief. (*Id.* at 17–19).

The Prison Litigation Reform Act ("PLRA") requires the court to dismiss a case at any time if the court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). The court construes a *pro se* plaintiff's pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

With respect to whether a complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii) mirrors the language of Federal Rule of Civil Procedure 12(b)(6), so courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief

that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id.* (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted). Further, "conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal." *Rehberger v. Henry Cnty., Ga.*, 577 F. App'x 937, 938 (11th Cir. 2014) (per curiam) (quotations and citation omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. *See Salvato v. Miley*, 790 F.3d 1286, 1295 (11th Cir. 2015). In the absence of a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against a defendant.

Plaintiff argues that the confiscation of his religious talisman violated his constitutional right to free exercise of religion. When considering the Free Exercise Clause of the First Amendment, the Supreme Court has stated that "[w]here the claim is invidious discrimination in contravention of the First . . . Amendment[ ], [its]

decisions make clear that the plaintiff must plead and prove that the defendant acted with discriminatory purpose." *Iqbal*, 556 U.S. at 676 (citing *Church of Lukumi Babalu Aye, Inc. v. Hialeah*, 508 U.S. 520, 540-541 (1993)). Purposeful discrimination "involves a decisionmaker's undertaking a course of action 'because of, not merely in spite of, [the action's] adverse effects upon an identifiable group.'" *Id.* at 676-77 (alteration in original) (quoting *Personnel Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979)).

As such, to plausibly state a First Amendment violation of freedom of religion, Plaintiff "must plead sufficient factual matter to show that" Defendants took his religious talisman "not for a neutral . . . reason but for the purpose of discriminating on account of . . . religion." *Id.* at 677; *see also Pahls v. Thomas*, 718 F.3d 1210, 1230 n.8 (10th Cir. 2013) ("[W]here liability is to be imposed upon an individual defendant for discrimination in violation of the First Amendment, a plaintiff must prove a discriminatory purpose, supported by evidence of the defendant's subjective motivations."). Nothing in the Complaint suggests that Defendants took Plaintiff's religious talisman for the purpose of discriminating on account of his unidentified religion. Indeed, the Complaint alleges that the religious talisman was confiscated as contraband because it was connected to a string, rather than to a jewelry-type chain.[1] (Doc. 1 at 15.)

[1] Seizing personal religious items may be permissible when "based upon legitimate and reasonable penological concerns." *Wilson v. Moore*, 270 F. Supp. 2d 1328, 1352

Notably, the Complaint does not allege what type of religious practice Defendants interfered with, or how each Defendant, aside from Defendant Tollick, was involved in the alleged interference. *See Wilson*, 270 F. Supp. 2d at 1349 (stating the plaintiff must demonstrate that the defendant's "policies have significantly interfered with or burdened a practice of his religion or prevented him from engaging in conduct or having a religious experience which his faith compels"). "To establish a prima facie case under section 3 of RLUIPA, a plaintiff must demonstrate (1) that he engaged in a religious exercise; and (2) that the religious exercise was substantially burdened." *Benning v. Georgia*, 845 F. Supp. 2d 1372, 1376 (M.D. Ga. 2012). "[A]n individual's exercise of religion is 'substantially burdened' if a regulation completely prevents the individual from engaging in religiously mandated activity, or if the regulation requires participation in an activity prohibited by religion." *Smith v. Gov. for Alabama*, 562 F. App'x 806, 813 (11th Cir. 2014) (per curiam) (internal citations and quotation marks omitted). "While it is true that courts are not to inquire into the centrality of a particular religious tenet in undertaking the substantial burden analysis, at a minimum the substantial burden test requires that a RLUIPA plaintiff demonstrate that the government's denial of a particular religious item or observance was more than an inconvenience to one's religious practice." *Id.* (internal citations and quotation

(N.D. Fla. 2003) (finding that the defendants were justified in depriving the plaintiff of his prayer pipe, which would have been "a perfect place to hide small items of contraband").

marks omitted). Importantly, the Eleventh Circuit has "declined to find that the denial of a requested religious item substantially burdened a prisoner, based solely on the fact that he sincerely believed the items were necessary to his practice." *Id.*

In the present case, the necessity or significance of the religious talisman as part of Plaintiff's religious practice has not been alleged. *See Wilson*, 270 F. Supp. 2d at 1354 (stating that the plaintiff must demonstrate the importance of craft work to his faith, and if the plaintiff cannot demonstrate that "access to craft making is so essential that its absence would be a substantial infringement on [his] right to religious expression," his claim must fail). Indeed, Plaintiff does not allege how, when, by whom, and/or under what circumstances the religious talisman would have been used had it not been confiscated. Accordingly, if Plaintiff wishes to proceed with this case, he must amend the Complaint to clarify his allegations.

The amended complaint must provide "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Federal Rule of Civil Procedure 10(b) requires all averments of the claim be made "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). To survive dismissal, a complaint must allege facts, accepted as true, that state a claim "that is plausible on its face." *Iqbal*, 556 U.S. at 678. The standard asks for less than a probability but "more than a sheer possibility that a defendant has acted unlawfully." *Id.* That a court must accept factual allegations as true does not apply to legal conclusions. *Id.* "Threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Plaintiff should know that supervisory liability has been rejected as a theory of recovery under 42 U.S.C. § 1983. Although personal participation is not specifically required for liability under § 1983, there must be a causal connection between the defendant named and the injury sustained. A defendant, such as the Warden or Assistant Warden, cannot be held liable simply based on his supervisory position. Also, "[s]everal courts have held that a defendant must have personally participated in an RLUIPA violation in order to be subject to suit under the Act and that supervisory or vicarious liability is not available." *Hoke v. Lyle*, No. 6:16-cv-45, 2016 WL 4197590, *5 (S.D. Ga. Aug. 8, 2016) (collecting cases). "Moreover, denial of a grievance alone does not appear sufficient to impose liability under the RLUIPA." *Id.* (citing *Lowery v. Edmondson*, 528 F. App'x 789, 792 (10th Cir. 2013)); *see also Jones v. Eckloff*, No. 2:12-cv-375-FtM-29DNF, 2013 WL 6231181, at *4 (M.D. Fla. Dec. 2, 2013) ("[F]iling a grievance with a supervisory person does not automatically make the supervisor liable for the allegedly unconstitutional conduct brought to light by the grievance, even when the grievance is denied." (collecting cases)).

With these principles in mind, Plaintiff must file an amended complaint, which must also comply with the instructions that follow.

1. The amended complaint must be marked, "Amended Complaint."

2. The amended complaint must name as defendants only those who had been acting under color of state law and are responsible for the alleged constitutional violation.

3. The amended complaint must state the full names of each defendant (to the extent plaintiff knows them) in the style of the case on the first page and in section I.B.

4. The list of defendants named on the first page must match the list of named defendants in section I.B.

5. The amended complaint (or a separate filing) must include current addresses for each defendant so the Court can direct service of process, if appropriate.

6. In section IV, "Statement of Claim," there must be a clear description of how **each** defendant was involved in the alleged violation(s). Plaintiff should concentrate his efforts on **factually describing** the actions or inactions of the named defendants which resulted in an alleged violation of his federally protected rights. **Vague and conclusory statements are insufficient.** Additionally, while background information may be helpful, Plaintiff should focus his factual allegations solely on the actions or inactions of the named Defendants. Dairy-like allegations are unhelpful and confuse the issues. The allegations should be stated in numbered paragraphs, each limited to a single set of circumstances.[2]

7. The claims raised in the amended complaint must be related, meaning the claims must arise from the same basic issue or incident. Plaintiff must choose one or more related claims to raise in the amended complaint; any unrelated claims must be raised in a separate lawsuit.

---

[2] Plaintiff may attach additional pages, if necessary, but he should continue to number the paragraphs for a clear presentation of his factual allegations supporting each claim.

8. In section V, "Injuries," there must be a statement concerning how **each** defendant's action or omission injured plaintiff.

9. In section VI, "Relief," there must be a statement of what plaintiff seeks through this action.

10. In section VII, "Exhaustion," plaintiff must explain the steps he took to exhaust each claim.

11. The amended complaint must be complete, including all related claims Plaintiff wishes to raise, and must not refer back to his original complaint.

Plaintiff must sign and date the amended complaint after the following statement on the form:

> Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Knowingly making a false material declaration in violation of 18 U.S.C. § 1623 is punishable by a fine, imprisonment, or both.

Accordingly, it is

**ORDERED**:

1. The **Clerk** shall send Plaintiff a civil rights complaint form.

2. By **July 12, 2024**, Plaintiff must complete the form, following the instructions given herein, and mail the amended complaint to the Clerk for filing.

3. **Failure to timely comply with this Order may result in the dismissal of this case without further notice.**

**DONE AND ORDERED** at Jacksonville, Florida, this 11th day of June, 2024.

JOEL B. TOOMEY
United States Magistrate Judge

JAX-11
c:
Shaquon RaShawn Johnson, #C07844