~ Attachment A ~

#1. C. Wynn, Senior Chaplain
#2. S. Tollick, Property Sergeant
#3. J. McClellan, Assistant Warden of Programs
#4. D. Bass, Secretary's Representative
#5. T. Bowden, Secretary's Representative

~ Attachment B ~

Defendant No. 5

Name: T. Bowden
Job or Title: Secretary's Representative
Employer: Florida Department of Corrections
Address: 501 South Calhoun Street
Tallahassee, Florida 32399

For Legal Purposes Only

## STATEMENT OF CLAIMS FOR RELIEF:

#1. Plaintiff asserts that the actions of the Defendants C. Wynn, S. Tollick, J. McClellan, D. Boss, and T. Bowden by prohibiting the free exercise of his religious practice, discriminating against his religious practice, depriving him of the liberty to possess his religious property, and failing to accommodate his religious needs all violated his First Amendment Right, his Fourteenth Amendment Right, and the Religious Land Use and Institutionalized Persons Act.

## UNDERLYING FACTORS:

#1. Plaintiff asserts that a religious Talisman is similiar to a religious Amulet and is used for the purpose of spiritual protection, spiritual growth, spiritual enlightment, spiritual prosperity etc.

#2. Plaintiff asserts that a religious Talisman can be worn arround the neck and wrist or carried on one's person to fulfill it's purpose.

#3. Plaintiff asserts that the Florida Department of Correction permits thier inmates to recieve religious Talismans and makes no specific distinctions on which religious groups may possess religious Talismans because religious Talismans can be worn by members of all religious groups.

#4. Plaintiff further asserts that the Florida Department of Corrections also makes no specific distinctions on which type of religious Talismans thier inmates are allowed to possess because religious Talismans can be crafted connected to beeds, connected to string, or not connected to anything at all.

## STATEMENT OF FACTS:

#5. Plaintiff asserts that anywhere between May 01st, 2023 — May 31st, 2023 he submitted a request to the Defendant C. Wynn seeking approval to recieve a religious Talisman and the Defendant C. Wynn approved of his request without ever stipulating that his religious Talisman shall not be the ones that are connected to beeds or connected to string.

#6. Plaintiff asserts that upon recieving this approval, he submitted a request for the funds to be sent from his inmate account to the Original Publication Company for the purpose of purchasing his religious Talisman and the Administrative Lieutenant approved of his request.

### A. DEPRIVATION OF PERSONAL PROPERTY:

#7. Plaintiff asserts that anywhere between May 15th, 2023 - June 15th, 2023 his religious Talisman arrived at the facility from the Original Publication Company and the Defendant S. Tollick deprived him of the liberty to possess his religious Talisman by confiscating it in holding that it was contraband because it was connected to a string, instead of being

Connected to an actual Jewerly type chain.

#8. Plaintiff asserts that the Defendant S. Tollich never provided him with a confiscation slip for his Talisman per policy and never stated in what way did his Talisman present to be a security threat per policy.

B. DENIAL OF RELIGIOUS ACCOMODATIONS:

#9. Plaintiff asserts that on August 08th, 2023 he submitted an inmate request to the Warden, D. Davis, requesting for him to accommodate his religious needs by reviewing his religious Talisman and making a determination as to how did his religious Talisman presented to be a security threat.

#10. Plaintiff asserts that his inmate request was fowarded to the Defendant C. Wynn and the Defendant C. Wynn failed to accommodate his religious needs by denying his request in holding that his Talisman must be on a Jewerly type chain.

#11. Plaintiff asserts that on August 13th, 2023 he submitted an informal grievance pointing out the fact that nowhere in the rules does it states religious Talismans must be on an actual Jewelry type chain and had the Defendant C. Wynn never approved of him to recieve a religious Talisman, then he would have never ordered the Talisman to begin with.

#12. Plaintiff asserts that the Defendant C. Wynn once again refused to accommodate his religious needs by denying his grievance in holding that his religious Talisman must be on a Jewelry type chain.

#13. Plaintiff asserts that on August 18th, 2023 he submitted a formal grievance to the Defendant J. McClellan pointing out the fact that his religious Talisman was never deemed a security threat and that nowhere in the rules does it states religious Talismans must be on a actual Jewelry type chain.

#14. Plaintiff asserts that the Defendant J. McClellan failed to accommodate his religious needs by denying his grievance without ever addressing the fact that the Warden never reviewed his religious Talisman and deemed it a security threat.

#15. Plaintiff asserts that on August 29th, 2023 he also submitted a formal grievance to the Defendant T. Bowden reiterating the fact that his religious Talisman was never deemed a security threat and that nowhere in the rules does it mandates that religious Talismans must be on an actual Jewerly type chain.

#16. Plaintiff asserts that the Defendant T. Bowden failed to accommodate his religious needs by denying his grievance without ever addressing the fact that the Warden never reviewed his religious Talisman and determine in what way did it present a security threat per policy.

C. FURTHER DEPRIVATION OF PERSONAL PROPERTY:

#17. Plaintiff asserts that on September 17th, 2023 the Defendant S. Tollich further deprived him of the liberty to possess his religious Talisman by disposing of his religious Talisman while his grievance of appeal was still pending in regards to the confiscation of his Talisman.

#18. Plaintiff asserts that on November 11th, 2023 and December 18th, 2023 he filed two seperate formal grievances to the Secretary's office, pointing out the fact that the Defendant S. Tollich had violated the rules of the Department by disposing of his religious Talisman while his grievance appeal was still pending.

D. [redacted] FURTHER DENIAL OF RELIGIOUS ACCOMMODATIONS:

#19. Plaintiff asserts that the Defendant D. Bass failed to accommodate his religious needs by [redacted] denying his grievances without ever addressing the fact that the Defendant S. Tollich has violated the rules of the department by disposing of his religious Talisman because his religious Talisman was not supposed to have been disposed of until his grievance appeals was deemed final.

E. INTERFERENCE WITH RELIGIOUS PRACTICE:

#20. Plaintiff asserts that the Defendants C. Wynn, S. Tollich, J. McClellan, T. Bowden, and D. Bass all interfered with his religious [redacted] practice as a Buddhist because he needed his religious Talisman to aid in his spiritual growth on the path of Buddhism.

F. DISCRIMINATION:

#21. Plaintiff asserts that the Defendants C. Wynn, S. Tollich, J. McClellan, T. Bowden, and D. Bass all discriminated against his religious practice by not allowing him to possess his religious Talisman because the Florida Department of Corrections allows Catholic inmates to possess Scapulars and Scapulars are connected by a String in a similar manner that a Talisman

#Attachment B

is connected to a String.

#22. Plaintiff further asserts that even if his religious Talisman was in fact "contraband", had the Defendant C. Wynn [redacted] stipulated that his religious Talisman must be the ones Connected to an actual Jewelry type chain and not the ones that are connected by beeds or String, then he would have never ordered the Talisman that was connected to a String.

Attachment E

## INJURIES SUSTAINED:

#1. Plaintiff asserts that he suffered from mental and emotional injuries from being prohibited from exercising his religious practice freely and from being deprived of the liberty to possess his religious Talisman. Treatment provided: No treatment can be provided to replace the time Plaintiff was deprived of his Talisman to exercise his religious practice.

#2. Plaintiff asserts that he suffered from physical injuries from the lost of his religious Talisman. Treatment provided: No treatment can be provided for the dispotion of Plaintiff's religious Talisman due to the Sentimental value of the Talisman.

Attachment 4

# RELIEF REQUESTED:

Wherefore, Plaintiff requests that the court grant the following:

A. Issue An Induction for the Defendants S. Tollick, J. McClellan, D. Bass, and T. Bowden to:

#1. Determine in what specific way does a religious Talisman Connected to a String pose a threat to the Institution, staff members and the safety of other inmates.

B. Issue An Induction for the Defendant S. Tollick to:

#2. Ensure that each and every inmate is provided with a confiscation slip for any of thier religious property that is confiscated.

C. Award Compensatory Damages In the Amount of:

#3. $1,500.00 Severally and Jointly against the Defendants S. Tollick, C. Wynn, J. McClellan, D. Bass and T. Bowden for the deprivation of property Plaintiff sustained by thier disposition of his religious Talisman.

D. Award Nominal Damages In the Amount of:

#4. $1,500.00 Severally and Jointly against the Defendants S. Tollick, C. Wynn, J. McClellan, D. Bass, and T. Bowden for violating Plaintiff's First and Fourteen Amendment Right to the United States Constitution and for violating the Religious Land Use and Institutionalized Persons Act by prohibiting Plaintiff the free exercise of his religious practice, discriminating against his religious practice, depriving him of the liberty to possess his religious property, and failing to accomodate his religious needs.

E. Award Punitive Damages In the Amount of:

#5. $1,500.00 Seperately against the Defendants S. Tollick, C. Wynn, J. McClellan, T. Bowden, and D. Bass for thier reckless indifferences in regards to Plaintiff's rights.

F. Plaintiff would respectfully ask for a "Trial by Jury" if there's no relief in terms of Settlement.

Attachment G

## Aditional Lawsuits:

#1. Parties to previous lawsuit: Plaintiff(s) Shoquan R. Johnson-DC# C07844
Defendant(s) C. Neel, R. Desantis, D. Davis, D. Allen, A. Palmer, D. Wendorff, J. Hunt, H. Moss, A. Rewis, A. McGregor, L. Thompson, L. Owens, R. Brooks, P. Glover, V. Gaetano, B. Joy, Tanner, Howard, & J. Breghley.

#2. Court: United States District Court for the Middle District of Florida

#3. Docket or index number: 3:23-CV-802-MMH-JBT

#4. Name of Judge assigned to case: Marcia M. Howard and Joel B. Toomey

#5. Approximate date of filing: 07/10/23

#6. Is this case still Pending: Yes

#1. Parties to previous lawsuit: Plaintiff(s) Shoquan R. Johnson-DC# C07844
Defendant(s) Dr. Collins, A. Acevedo, M. Hall, T. Bowden, and J. McClellan

#2. Court: United States District Court for the Middle District of Florida

#3. Docket or index number: 3:24-CV-502-MMH-[redacted]MCR

#4. Name of Judge assigned to case: Marcia Howard

#5. Approximate date of filing: 05/15/24

#6. Is this case still Pending: Yes

#1. Parties to previous lawsuit: Plaintiff(s) Shoquan R. Johnson-DC# C07844
Defendant(s) C. Neel, L. Thompson, A. McGregor, D. Harcula, D. Robinson, J. Birdsong, H. Moss, C. Burnett, E. Hardin, A. Johns, D. Allen, McKenny, Riebl, and Nunes

#2. Court: United States District Court for the Middle District of Florida

#3. Docket or index number: 3:24-CV-477-MMH-PDB

#4. Name of Judge assigned to case: Marcia M. Howard and Patricia D. Barksdale

#5. Approximate date of filing: 05/08/24

#6. Is this case still pending: Yes

#1. Parties to previous lawsuit: Plaintiff(s) Shoquan R. Johnson-DC# C07844
Defendant(s) J. Neel, E. Manners, T. Miller, T. McCranie, P. White, C. Pugh, A. Burns, W. Walter, C. Carrier, A. Johns, Engle, S. Greene, Bishop, and T. Dykes

#2. Court: United States District Court for the Northern District

#3. Docket or index number: 3:24-cv-246-LAC-ZCB

#4. Name of Judge assigned to case: Zachary C. Bolitho and Lacey A. Collier

#5. Approximate date of filing: 05/24/24

#6. Is this case still pending: Dismissed on 06/26/24